FILED
2013 Oct-10  PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TERESA WEEKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 2:13-CV-1034-SLB |
| | ) |
| **FSQC-AL, L.L.C., d/b/a Lakeview Estates,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Petition for Settlement Approval and Entry of Final Judgment, (doc. 16), and their Joint Stipulation of Dismissal, (doc. 17). For the reasons set forth below, the court find the parties' Petition, (doc. 16), is due to be granted, and plaintiff's claims will be dismissed with prejudice.

The court notes:

> [T]he FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).
>
>   The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements

> may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").
>
> In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id.* at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

*Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have not filed their settlement agreement.[1] However, they represent to the court that "Plaintiff is receiving more than the maximum overtime and liquidated damages she could recover for her FLSA claims," and "the settlement also includes an amount for attorneys' fees and costs that exceeds the amount [plaintiff] could recover at this time." (Doc. 16 at 4.) They also state that "[t]he parties . . . separately negotiated the claimed attorneys' fees and costs." (*Id.*) Therefore, they contend that the settlement is "*per se* fair and reasonable."

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, namely whether plaintiff ever worked over 40 hours in a work week and, if so,

---

[1]The parties have sent the court a letter outlining some of the terms of their agreement.

how often she worked overtime. Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Petition for Settlement Approval and for Entry of Final Judgment, (doc. 16), and dismissing plaintiff's FLSA claim will be entered contemporaneously with this Memorandum Opinion.

The court notes that the parties have filed a Joint Stipulation of Dismissal, giving notice of the settlement of plaintiff's remaining claims. The court will enter an Order dismissing plaintiff's remaining claims with prejudice.

**DONE**, this 10th day of October, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE